# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 21, 2018

```
* * * * * * * * * * * * *
IOLA SYKES,                      *
                                 *    No. 17-716V
         Petitioner,             *    Special Master Sanders
                                 *
v.                               *
                                 *
SECRETARY OF HEALTH              *    Decision; Optic Neuritis; Tetanus-
AND HUMAN SERVICES,              *    Diphtheria-acellular-Pertussis ("TDaP")
                                 *    Vaccine; Dismissal; Insufficient Proof
         Respondent.             *
* * * * * * * * * * * * *
```

## DECISION[1]

On May 31, 2017, Iola Sykes ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Program" or "Act"). 42 U.S.C. § 300aa-10 to -34 (2012).[2] Petitioner alleged that she suffered from Optic Neuritis as a result of the Tetanus-Diphtheria-acellular-Pertussis ("TDaP") vaccination she received on September 6, 2016. Petition, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On December 17, 2018, Petitioner submitted a Motion for a Decision Dismissing her petition. ECF No. 46. In her motion, Petitioner conceded that "[a]n investigation of the facts and science supporting this case, including consultation with an appropriate qualified neuro-opthalmologist, has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* at 1. Therefore, Petitioner requested that the undersigned issue a decision dismissing her case. *Id.* Respondent did not object to Petitioner's Motion. *Id.* at 2.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the Internet. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99–660, 100 Stat. 3755.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain evidence that the injury alleged by Petitioner was caused by the TDaP vaccination.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, in the absence of evidence to support Petitioner's claim that her vaccination caused her alleged injury, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.